■ In the Matter of the Arbitration between GLADYS STURIALE, Respondent, and CLIFFCORN ANSWERING SERVICE, INC., Appellant.—In a special proceeding pursuant to statute (CPLR 7503, subd. [b]), to stay arbitration on the ground that a valid agreement to submit the dispute to arbitration had not been made between the petitioner and her former employer, Cliffcorn

Answering Service, Inc., such employer appeals from an order of the Supreme Court, Kings County, entered May 19, 1964 on the decision and opinion of a Special Referee after a nonjury trial before him upon certain stipulated facts, which granted the application and stayed the proposed arbitration. Order reversed on the law and on the facts, without costs, and proceeding remitted to the Special Term for the purpose of holding a new hearing before the Special Term at which the oral testimony of both parties under oath should be taken with respect to all issues and particularly as to the issues stated below, and for the purpose of making a determination de novo on the basis of all the proof which may be adduced: (a) Whether, on June 15, 1962 when petitioner signed the employment agreement or at any time prior to the termination of her employment with appellant, she had knowledge of the collective bargaining agreement of April 1, 1961 between the union (of which she had been a member since August, 1961) and the association of which the appellant was a member; and whether she then had knowledge of the terms and conditions, and particularly of the arbitration provisions, of such collective bargaining agreement; and (b) If she did have such knowledge, whether on June 15, 1962 when petitioner signed the employment agreement or at any time prior to the termination of her employment with appellant, the petitioner agreed or acquiesced that her employment would be subject to the terms and conditions of the said collective bargaining agreement, and particularly the arbitration provisions of such agreement. On April 1, 1961, when the collective bargaining agreement was executed, petitioner was not then either a member of the union or an employee of appellant. It also appears that petitioner first began working for appellant two months thereafter — in June, 1961; that she became a member of the union four months thereafter — in August, 1961; that she entered into a written employment agreement with appellant about 15 months thereafter — in June, 1962; and that such employment agreement did not contain an arbitratoin provision 'or refer to or incorporate the collective bargaining agreement or its arbitration provisions. On the basis of the record now before us, it does not clearly appear whether, at the time petitioner signed the employment agreement or at any time prior to the termination of her employment with appellant, she had knowledge of the collective bargaining agreement and of its terms and conditions, and particularly of its arbitration provisions. Even if it be assumed that she had such knowledge, it does not appear whether at any such times the petitioner had agreed or acquiesced that her employment would be subject to the terms and conditions of the said collective bargaining agreement, and particularly its arbitration provisions. No party may be compelled to arbitrate a dispute unless there is proof showing clearly: (a) his agreement to submit the dispute to arbitration (cf. *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 N. Y. 288; *Matter of Level Export Corp. [Wolz, Aiken & Co.]*, 305 N. Y. 82), or (b) his authorization to permit another to agree on his behalf to submit the dispute to arbitration (cf. *Matter of Sperling* v. *Newtown Laundry Serv.*, 264 App. Div. 878; Labor Law, § 705, subd. 1). The proof here, by reason of the informal manner in which it was stipulated and received, fails adequately to show all the pertinent facts upon which proper findings may be based as to any agreement by petitioner to submit to arbitration or as to any authorization given by petitioner to another (the union) to agree to arbitration on her behalf. A new trial is therefore required at which all the pertinent facts may be fully developed by plenary proof. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.